```
 1                        STATE OF MICHIGAN

 2            IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

 3                         CRIMINAL DIVISION

 4
      THE PEOPLE OF THE STATE OF MICHIGAN,
 5                                          File No.  09-25646
      vs.
 6                                          Motion
      ERIC OGILVIE,
 7
                      Defendant.
 8    _____/

 9
             PROCEEDINGS TAKEN in the
10
      above-entitled cause, before the HONORABLE PATRICIA
11
      FRESARD, Judge of the 3rd Judicial Circuit Court, City of
12
      Detroit, at Frank Murphy Hall of Justice, Courtroom 804,
13
      Detroit, Michigan, on November 5, 2010.
14

15
      APPEARANCES:
16

17           JON WOJTALA, Assistant Wayne County
      Prosecutor, appearing on behalf of the
18    People.

19           JAMES LAWRENCE, Attorney-at-Law, appearing
      on behalf of the Defendant.
20

21
             *  *  *
22

23    ANNETTE L. SEGUIN, RPR/CSR-2184
      Official Court Reporter
24

25

                                 1
```

1
2
3
4                T A B L E      O F      C O N T E N T S
5
6
7                                None.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2                    November 5, 2010
 3                    Detroit, Michigan
 4                    10:18 A.M.
 5                    *  *  *
 6              (Whereupon Defendant is not present)
 7              COURT CLERK:  This is Docket Number
 8    09-25646, People versus Eric Ogilvie, here today for a
 9    motion hearing.
10              MR. LAWRENCE:  Good morning, your Honor.
11    I'm attorney James Lawrence representing Defendant Eric
12    Ogilvie.
13              MR. WOJTALA:  And good morning, your
14    Honor.  Jon Wojtala for the People.
15              MR. LAWRENCE:  Your Honor, I have cited
16    several reasons why we feel that Mr. Ogilvie is entitled
17    to a reversal for a new trial.  One of those reasons or I
18    guess several of those reasons involve alleged
19    ineffective assistance of counsel and certainly a hearing
20    would be required where Mr. Ogilvie would be present to
21    pursue that issue.
22              However, I'm going to suggest to the Court
23    that possibly the hearing isn't needed because of the
24    instructional and argument errors that I cited in my
25    briefs.  Specifically, the case law unanimously holds --
```

```
 1      I've cited several cases -- that the pointing of a
 2      firearm without discharging it is not the use of deadly
 3      force.
 4                  Michigan has something called the
 5      self-defense act of 2006, MCL 780.972.  The instructions
 6      that were given in this case are completely at odds with
 7      the self-defense act.  Mr. Ogilvie was on his own
 8      property.  The evidence is clear.  The evidence is also
 9      clear that according to the 911 call of the African
10      American gentleman, Mr. Watson, was threatening him,
11      pulling a gun and backing him back across his own yard.
12                  The instructions to the jury repeatedly
13      spoke about use of deadly force in a situation where no
14      deadly force was used whatsoever.  Mr. Ogilvie was
15      deprived of his right to proper jury instructions as well
16      as being deprived of proper argument because his own
17      lawyer basically conceded that which I have shown here is
18      clearly not true as a matter of law.
19                  THE COURT:  Okay.  Counsel, as far as the
20      jury instructions, the jury instructions were submitted
21      and stipulated to by counsel.  I'm going to let the
22      prosecutor respond to this part of it and we'll move on.
23      Go ahead.
24                  MR. LAWRENCE:  Thank you, Judge.
25                  MR. WOJTALA:  My response, your Honor, is
```

```
 1          the actual -- a direct challenge to the instructions has
 2          been waived because this was agreed to, these
 3          instructions, and by stating on the record that he agreed
 4          to these particular instructions, defense counsel and the
 5          Defendant, therefore, waives this particular issue so
 6          there's no issue to even be resolved.  Now, there does
 7          leave open the ineffective assistance claim.
 8                    THE COURT:  Not only in this case were
 9          they not objected to, as I stated on the record, they
10          were requested to, stipulate to and approved by counsel.
11          So we need to move onto a new issue.  Go ahead.
12                    MR. WOJTALA:  As far as the ineffective
13          assistance part of that, your Honor, I did have an
14          opportunity to review the case law in this particular
15          issue.  I do not find any published Michigan case that
16          indicates that for the purpose of instructing the jury on
17          self-defense, that pointing a gun is either deadly or
18          nondeadly force.
19                    So, therefore, there is no case law to
20          even -- it's a bit of a novel issue.  I do acknowledge
21          that there are cases from other states, from other
22          jurisdictions, but none from Michigan.  So at least for
23          Michigan it's a novel issue and I -- there is case law
24          also that holds, though, that the failure to raise a
25          novel issue is not ineffective assistance.
```

```
 1              You're not required as an attorney to
 2     raise every known argument that can be made or construct
 3     an argument out of hole cloth when there is no law to
 4     support that.
 5              THE COURT:  All right.
 6              MR. LAWRENCE:  Well, all that I can say
 7     is I cited three cases that hold that the pointing of a
 8     gun is not deadly force, People V. Hooper, 152 Mich. App.
 9     243, People versus Dillard, 115 Mich. App. 640 and the
10     unpublished case found in the appendix, People versus
11     Happy Chandler Miller, Court of Appeals Number 198216.
12              I feel that regardless of what defense
13     counsel did, this Court had a responsibility to see that
14     the jury wasn't misled by lots of argument and
15     instruction on something that never happened, the use of
16     deadly force, and even according to the prosecution
17     testimony and, therefore, it is certainly our position
18     that the error is more than plain and that it directly
19     contradicts Michigan law and the intent of the
20     legislature when they passed the self-defense act of
21     2006, but leaving that aside for the moment, we certainly
22     have several additional bases to show ineffective
23     assistance of counsel.
24              I was hoping that we could short circuit
25     that because the instructional error is so manifestly
```

1     clear, but --

2                THE COURT:  All right.  In the factual

3     situation of this case, in the Court's opinion it

4     certainly is not -- and we're handling two issues and so

5     we will separate them.  The Court denies your motion on

6     the first issue on the jury instructions.

7                MR. LAWRENCE:  Now, with respect to the

8     ineffective assistance of counsel, I believe that the

9     prosecutor agrees that such a hearing should be held and,

10    therefore, I would like to set one.  I would also like to

11    see about the possibility of shortly before that hearing

12    setting another date for me to have a hearing for a bond

13    motion for Mr. Ogilvie for a couple of reasons.  I don't

14    want to argue the bond motion now, but just let the Court

15    know my client is aware of certain evidence that he --

16               THE COURT:  Well, first of all, since

17    you're not going to argue it now let's just take a break

18    and let the prosecutor respond to the general issue of

19    the Ginther Hearing.

20               MR. WOJTALA:  As far as the Ginther

21    Hearing, your Honor, there does seem to be materials that

22    Mr. Lawrence was able to obtain that probably do need to

23    be placed on the record.  Whether the Court wishes to

24    expand the record through just accepting the materials

25    that were presented with the motion or have a Ginther

1    hearing, I would leave it to the Court, but I do believe
2    that there are at least some materials that need to go
3    into the record that weren't previously mentioned,
4    specifically the 911 information.
5                    Now, as far as the actual -- if we hold a
6    hearing on this particular case, your Honor, I do think
7    that there are some issues that have been raised as
8    ineffective assistance that probably do not need to be
9    expanded upon in an actual hearing.  So there is room to
10   limit the extent of the Ginther hearing.
11                   THE COURT:  All right.  Well, I would like
12   counsel to communicate with each other and to place on
13   the record what you can agree to and what you cannot so
14   that the Court can better limit or see the realm of
15   the -- of what the hearing must be in this case because
16   there are many issues that were presented to the Court
17   that would be issues of a Ginther Hearing and if there
18   are some that can be just placed on the record and not
19   extended to an adversarial issue then we would want to
20   know that before we start so that we can be concise and
21   cover the issues fully that need to be covered.
22                   I have no problem with a Ginther Hearing,
23   but anything that is -- that can be first resolved should
24   be and the limits -- the parameters of what we're
25   presenting on the record should be made at some hearing

```
 1      prior to the Ginther Hearing.
 2                   MR. LAWRENCE:  Very good, Judge.  I will
 3      consult with Mr. Wojtala and I'll inform the Court that
 4      at the present time I would certainly want to call as
 5      witnesses at the hearing the defense counsel and the
 6      Defendant and very probably the neighbor who made the 911
 7      call.
 8                   THE COURT:  That's fine.
 9                   MR. WOJTALA:  I will consult with Mr.
10      Lawrence and if we have a date that we can come back and
11      either indicate to the Court that the issues that we've
12      agreed upon are --
13                   THE COURT:  All right.  And it actually
14      can be the same date as the hearing if you would like to
15      start the hearing.
16                   MR. WOJTALA:  That's fine.
17                   THE COURT:  But it doesn't have to be.  If
18      you would like, I believe we actually have openings
19      because of some plea negotiations that resolved cases on
20      the 15th and 16th of November.
21                   MR. LAWRENCE:  Your Honor, I could be --
22      I can certainly be here on the 16th of November.  I would
23      like to request that my client be transported down for
24      the hearing and if the Court agreed to do that, then I
25      would file a bond motion that I'd argue at that time.  If
```

```
 1    not then I could argue it on a subsequent day.
 2                 THE COURT:  All right.  Because we are
 3    very unlikely to have your client be here that soon on
 4    the 16th and then there is a long break for Thanksgiving.
 5                 So, I mean, we can have -- we could have
 6    you be here just to present your stipulations and your
 7    agreements and the parameters of the hearing on the
 8    sixteenth and then possibly have your client here on a
 9    bond issue on the 22nd.
10                 MR. LAWRENCE:  That would be wonderful as
11    long as it's morning.
12                 THE COURT:  All right.  Nine A.M. for both
13    of 'em, 16th and the 22nd, nine A.M.
14                 MR. LAWRENCE:  Okay.  And I presume that
15    by the 22nd we'll set a date for the final actual
16    hearing?
17                 THE COURT:  Yes.
18                 MR. LAWRENCE:  Thank you, very much, your
19    Honor.
20                 THE COURT:  Thank you, very much.
21                 (10:31 A.M. proceedings concluded)
22                           *   *   *
23
24
25
```

```
 1
 2                    C E R T I F I C A T E
 3
 4      STATE OF MICHIGAN  )SS
        COUNTY OF WAYNE    )
 5
 6
 7         I, Annette L. Seguin, Certified Shorthand
 8      Reporter-2184, do hereby certify that the forgoing pages,
 9      1 through 11, inclusive, comprise a full, true and
10      correct transcript, of the proceedings in the matter of
11      People vs. Eric Ogilvie, taken on November 5, 2010.
12
13
14
15
16
17                        ANNETTE L. SEGUIN, RPR/CSR-2184
18                        Official Court Reporter
19
20
21
22
23      DATED:  May 27, 2011
24
25
```