UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC OGILVIE,

    Petitioner,                                          Case No. 2:16-cv-11013
                                                              Hon. Matthew F. Leitman

vs.

LORI GIDLEY,

    Respondent.

---

**Petitioner's Supplemental Brief in Support of
Petition for Writ of Habeas Corpus**

### I.    Introduction

Petitioner, Eric Ogilvie, submits this supplemental brief in response to Respondent's Supplemental Brief filed with the Court on April 15, 2019.

The State conceded that (1) the state court violated Mr. Ogilvie's constitutional right to the assistance of counsel in his direct appeal of right; (2) Mr. Ogilvie is entitled to a new appeal in the state court with the assistance of counsel, and therefore, this Court should order the State to grant him a new appeal with counsel; and (3) this Court must decide all of Mr. Ogilvie's claims at once, before it orders the State to grant a new appeal. (See State's Supplemental Brief)

For the reasons stated in this brief, and in Mr. Ogilvie's habeas petition and supporting briefs, Mr. Ogilvie agrees with the State's concessions as described

above. This Court should consider and decide all the issues raised in Mr. Ogilvie's petition for writ of habeas corpus, including the serious errors that occurred at Mr. Ogilvie's trial that deprived him of a fair trial, before it orders the State to grant him a new appeal with counsel.

## II. Undisputed denial of counsel on appeal

Mr. Ogilvie agrees with the State's concession that he was denied his right to the assistance of counsel in his direct appeal of right where Mr. Ogilvie requested appellate counsel and counsel was never appointed. [1]

Mr. Ogilvie also agrees with the State that the remedy for the denial of appellate counsel is an order by this Court requiring the State to grant him a new appeal with the assistance of counsel. However, for the reasons stated below, and in the State's Supplemental Brief, this Court should also consider the remaining

---

[1] In its supplemental brief, the State contends that the trial court's promise of new appellate counsel in Judge Kenny's letter of February 10, 2012, and the fact that new appellate counsel was never appointed, was not, by itself, a constitutional violation. Rather, the State believes Mr. Ogilvie was "comfortable" proceeding pro se, and that the violation occurred when one of Mr. Ogilvie's other post-conviction requests for appellate counsel was ignored by the trial court. However, the state court record is clear that Mr. Ogilvie, a state prisoner, was forced to proceed in pro per in the Court of Appeals against his own wishes, after the chief judge in the state trial court promised new appellate counsel would be appointed for Mr. Ogilvie, (See letter from Judge Kenny, February 10, 2012, attached as Exhibit C to habeas petition), and despite several letters to the trial court and court of appeals requesting substitute counsel (See detailed discussion of Mr. Ogilvie's persistent requests for assistance of counsel in Section 5 of the Statement of Facts in the habeas petition), appellate counsel was never appointed.

issues in Mr. Ogilvie's habeas petition that will result in this Court ordering the state to provide a new trial.

> **III. The Court should consider all the issues raised by petitioner, including the serious errors that occurred at petitioner's trial that deprived him of a fair trial, before it grants a new appeal with counsel.**

Mr. Ogilvie agrees with the State's concession that this Court must decide all of Mr. Ogilvie's claims at once, before it orders the State to grant Mr. Ogilvie a new appeal. (See State's Supplemental Brief, pp. 6-8) The State's concession is also supported by a Sixth Circuit holding in *Whiting v Burt*, 395 F. 3d 602, 620 (6th Cir. 2005) (See discussion of case in State's Supplemental Brief)

In his habeas petition, Mr. Ogilvie raised serious errors that occurred at his trial that deprived him of a new trial. The most serious issue at trial involves erroneous jury instructions that instructed the jury on self-defense with an element of deadly force and on the petitioner's duty to retreat, where it was undisputed that there was no use of deadly force by the petitioner and no duty to retreat. This issue went to the heart of the case at trial. [2]

---

[2] The Court has previously expressed an interest in this issue when it requested that the parties be prepared to address at a hearing in the district court why the jury instructions were erroneous and inadequate.

The erroneous jury instructions claim is also tied to the claim of ineffective assistance of counsel where counsel erroneously requested the jury instructions on self-defense with an element of deadly force, and failed to request instructions for non-deadly force. In a post-conviction evidentiary hearing, trial counsel testified that he had no strategic reason for requesting the deadly force instruction. (See November 18, 2011, Evidentiary Hearing Transcript, p. 24)

Aided by the erroneous jury instruction, the prosecution engaged in misconduct during closing and rebuttal arguments by making misstatements of Michigan's self-defense law, mischaracterizing evidence of Mr. Ogilvie pointing a gun as deadly force, and wrongfully suggesting that he had a duty to retreat.

The other constitutional violations raised in Mr. Ogilvie's habeas petition involve evidence of 911 call recordings containing admissible statements that contradicted the complainant's testimony and were fundamental to Mr. Ogilvie's self-defense theory. As a whole, these recordings contained statements, including a statement from a witness that did not testify at trial (Amy Ogilvie), that contradicted witness testimony and showed that Mr. Ogilvie faced a real threat from his neighbor, who appeared to the witnesses who called the police to be going for a gun, and showed that his actions in self-defense were reasonable.

Simply going through a new appeal with counsel will not cure the severe errors that occurred at Mr. Ogilvie's trial. If the Court simply grants a new appeal without

considering the other issues raised in the habeas petition, Mr. Ogilvie would completely lose the opportunity for a federal court to decide his federal issues, as he is no longer on parole and will not be eligible to file another habeas petition in the district court if the state unreasonably denies relief for a third time. If the Court decides Mr. Ogilvie was denied a fair trial, it will result in this Court ordering the state to grant him a new trial and the issue of denial of appellate counsel will be moot.

This Court should consider all the meritorious issues raised in Mr. Ogilvie's habeas petition, and grant him a writ of habeas corpus ordering a new trial.

## IV.   Relief Requested

For the aforementioned reasons, and the reasons stated in petitioner's habeas petition and other supporting briefs, petitioner respectfully urges the Court to (1) consider all the issues raised in petitioner's habeas petition, including the issues that would result in this Court ordering the State to provide a new trial, before it orders the State to provide a new appeal with counsel; (2) reset the hearing in this case to allow the parties to address the questions raised by the Court concerning claims made in petitioner's habeas petition, and (3) grant such other further and different relief as the court may deem just and proper under the circumstances.

                         Respectfully submitted:

                         */s/ Jennifer J. Qonja*
                         Jennifer J. Qonja (P79156)
                         Suzan Gabbara (P76633)
                         Attorneys for Petitioner
                         Eaman & Gabbara, PLLC
                         1441 E. Maple Rd, Ste 304
                         Troy, MI 48083
                         (248) 633-2244
                         qonja@eamanlaw.com

Dated: May 13, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I electronically filed the above documents with the Clerk of the Court using the ECF System, which will provide electronic copies to the following:

>Linus Banghart-Linn
>Assistant Attorney General

>Respectfully submitted:

>  /s/ Jennifer J. Qonja
>Jennifer J. Qonja (P79156)
>Suzan Gabbara (P76633)
>Attorneys for Petitioner
>Eaman & Gabbara, PLLC
>1441 E. Maple Rd, Ste 304
>Troy, MI 48083
>(248) 633-2244
>qonja@eamanlaw.com