UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC OGILVIE,

       Petitioner,                    Case No. 16-cv-11013

v.                                               Hon. Matthew F. Leitman

LORI GIDLEY,

       Respondent.

_____/

**ORDER (1) GRANTING A CONDITIONAL WRIT OF HABEAS CORPUS ON CLAIM ONE, (2) HOLDING PETITIONER'S REMAINING CLAIMS IN ABEYANCE, AND (3) CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

In 2010, a Wayne County jury found Petitioner Eric Ogilvie guilty of felonious assault and felony-firearm. In this action, Ogilvie seeks a writ of habeas corpus under 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Ogilvie raises a number of claims for relief: (1) he was denied his right to the assistance of counsel during his direct appeal of right; (2) the trial court erred when it instructed the jury on the use of deadly force in self-defense and the duty to retreat; (3) the prosecutor deprived him (Ogilvie) of a fair trial when the prosecutor (a) argued that Ogilvie used deadly force and had a duty to retreat and (b) failed to produce exculpatory 911 calls; and (4) he was deprived of the effective assistance of counsel by (a) trial counsel's failure to (i) investigate and obtain recordings and transcripts of certain 911 calls and (ii) request appropriate jury instructions, and (b) counsel's failure to argue during post-

1

conviction proceedings in the trial court that the prosecution had suppressed favorable evidence about his wife's 911 calls. (*See id.*, PageID. 9-10.)

Respondent has conceded that Ogilvie is entitled to relief on his first claim – that he was denied his right to the assistance of counsel on his direct appeal of his convictions.[1] (*See* Respondent's Supp. Br., ECF No. 12, PageID.3232.) As both parties agree, the proper remedy for that violation is a new appeal of right in the Michigan Court of Appeals.[2] *See, e.g., Sanders v. Lafler*, 618 F.Supp.2d 724, 735-736 (E.D. Mich. 2009) (issuing a conditional writ of habeas corpus and granting petitioner a new appeal because he was denied his right to the appointment of counsel for his initial direct appeal).

For the reasons that the Court explained on the record during a status conference held on June 24, 2020, the Court concludes that the proper course of action is to hold the remainder of Ogilvie's claims in abeyance while he pursues his new appeal of right in the Michigan Court of Appeals.

Accordingly, **IT IS ORDERED** that the writ of habeas corpus is conditionally **GRANTED** on Ogilvie's claim that he was denied his constitutional right to the assistance of counsel during his appeal of right in the Michigan Court of Appeals.

---

[1] *See Douglas v. California*, 372 U.S. 353 (1963) (holding that indigent defendants in state criminal cases have a right to appointment of counsel for an initial appeal of right).

[2] *See* Respondent's Supp. Br., ECF No. 12, PageID.3235; Petitioner's Supp. Br., ECF No. 13, PageID.3241.

2

The State shall have **ninety (90) days** from the date of this order to (1) reinstate Ogilvie's appeal of right in the Michigan Court of Appeals and (2) provide him with appointed appellate counsel, if he demonstrates that he qualifies for appointed appellate counsel. The failure to comply with this order will result in this Court vacating Ogilvie's convictions.

**IT IS FURTHER ORDERED** that this Court will hold Ogilvie's remaining claims in abeyance while Ogilvie pursues his state-court appeal. Ogilvie may raise those claims in his new appeal.

**IT IS FURTHER ORDERED** that this case is closed for administrative purposes. Nothing in this order shall be construed as an adjudication of Ogilvie's remaining claims.

**IT IS FURTHER ORDERED** that, if Ogilvie is unsuccessful in his new appeal of right, he shall file an amended habeas corpus petition and motion to re-open this case in this Court within **ninety (90) days** of the completion of that appeal (in the Michigan Supreme Court or in the United States Supreme Court, if Ogilvie files a petition for a writ of certiorari).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2020

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2020, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (810) 341-9764